IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-MJ-01199-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUGUST MUSSAT,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

This matter is before the court for preliminary hearing and detention hearing on October 26, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report

and the entire court file, and have considered the proffer submitted by the government and defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a).

Second, based upon the waiver of preliminary hearing, I find probable cause exists as to the above listed charge.

Third, I find that nature of the charge in this case involves the Failure to Register as a Sex Offender.

Fourth, I find that defendant suffered one prior failure to appear in the past. Defendant was evicted from his residence when he was arrested on the alleged instant offense. Defendant has medical debts of $29.000 in Colorado and $10,000 in Illinois. Defendant's net work is a negative $39.200. Defendant also has a small claims court judgment in Illinois against him in the amount of $2,712.00 which remains unpaid. Defendant has suffered three prior heart attacks, the last one was in December 2016. Defendant has also been diagnosed with Crohn's Disease, Anxiety and is prescribed Xanax for his Anxiety. Defendant has a history of using alcohol, marijuana, cocaine and mushrooms. Defendant has received rehabilitation treatment at age 16 for marijuana use. Defendant does not have a valid Colorado driver's license. Defendant has been a fugitive from justice in 2016.

Fifth, I find that defendant has suffered adult convictions for Illegal Consumption of Alcohol by a Minor; Operate Uninsured Motor Vehicle (2 convictions); DUS (2 convictions); and Predatory Criminal Sexual Assault (felony). Defendant has a pending criminal case in the Morgan County Circuit Court, Jacksonville, Illinois, Case No. 2016-CF-75 wherein defendant is charged with (1) Unlawful Manufacturing of Cannabis (felony) and (2) Unauthorized Possession of Cannabis Sativa Plant (felony). The is an outstanding warrant in this case. There is additional outstanding warrant for the defendant out of the Scott County Sheriff's Office in Davenport, Iowa on September 13, 2016, for Sex Offender Registration Violation - 1st Offense, Case No. 2016-00020299.

In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that no condition or combination of conditions of release that will reasonably assure his presence in court. Accordingly, I order that the defendant be detained without bond.

Done this 26th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge